| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>--------------------------------------------------------X<br>GIOVANNI TOBON,<br>                Plaintiff,<br><br>    -against-<br><br>WELLS FARGO BANK, N.A., BANK OF<br>NEW YORK MELLON AS TRUSTEE FOR<br>WORLD SAVINGS BANK MORTGAGE<br>PASS-THROUGH CERTIFICATES REMIC31<br>TRUST, JOHN DOES, 1-100.<br><br>               Defendants.<br>--------------------------------------------------------X | For Online Publication Only<br><br><br><br><br><br>**ORDER**<br>16-CV-6565 (JMA)(AYS) |

**AZRACK, District Judge:**

<u>Pro se</u> plaintiff Giovanni Tobon originally filed this action in the Southern District of New York on September 28, 2016. On October 16, 2016, defendants Wells Fargo Bank, N.A. and the Bank of New York Mellon, filed a motion to dismiss. On October 19, 2016, District Judge Valerie Caproni issued an Order to Show Cause directing plaintiff to show cause no later than November 14, 2016, why this case should not be transferred to the Eastern District of New York. On October 26, 2016, the Court stayed the motion to dismiss pending the resolution of the Order to Show Cause. Plaintiff never responded to the Order to Show Cause and on November 15, 2016, this case was transferred to the Eastern District of New York. This case was opened in the Eastern District of New York on November 28, 2016 and assigned to the undersigned.

In February 2017, after this case was transferred to the Eastern District of New York, plaintiff was directed to respond to defendants' previously stayed motion to dismiss. Since February, plaintiff requested two separate extensions of time to file his opposition, both of which were granted by the Court. After granting the second extension, the Court directed plaintiff to respond to defendants' motion to dismiss by June 5, 2017. Plaintiff failed to respond to defendants'

motion by that date. On July 10, 2017, defendants filed a letter asking the Court to consider their motion to dismiss fully submitted.

On July 20, 2017, this Court issued an Order giving plaintiff fourteen days to serve and file a response to defendants' motion. Plaintiff failed to submit a response by that date.

On December 21, 2017, this Court issued an order directing plaintiff to either: (1) file his opposition to defendants' motion to dismiss, or (2) indicate by letter to the Court that he does not wish to file an opposition but still intends to prosecute this lawsuit. Plaintiff's response was due by January 12, 2018. The Court also warned Plaintiff that failure to comply would result in dismissal of the case for failure to prosecute. To date, plaintiff has not filed any response to the Court's orders or defendants' motion to dismiss.

Federal Rule of Civil Procedure 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiff has been afforded numerous opportunities to pursue his case. Plaintiff has failed to respond to the Court's orders. Furthermore, the Court warned plaintiff that failure to respond would result in the dismissal of the case. Plaintiff's failure to comply with the Court's orders

constitutes grounds for dismissal. Accordingly, plaintiff's claims are dismissed for failure to prosecute and noncompliance. The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the pro se plaintiff.

**SO ORDERED.**

Dated: January 24, 2018
Central Islip, New York

                                                             /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

Case 2:16-cv-06565-JMA-AYS   Document 20   Filed 01/24/18   Page 3 of 3 PageID #: 222